1   E. ROBERT SORACCO
    121 South Hope Street, Unit 506
2   Los Angeles, California 90012
    Telephone: (213) 268-1825
3   Email: erobert1@hotmail.com

**FILED**

**DEC 27 2024**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

4   Creditor *in Pro-pia persona*

5

6               UNITED STATES BANKRUPTCY COURT

7               CENTRAL DISTRICT OF CALIFORNIA

8                    LOS ANGELES DIVISION

9   In Re:                          )   Case No.: 2:24-bk-16132-DS
                                    )
10  BRAVO, Patricia Del Carmen      )   Chapter 7
                                    )
11      *Defendant.*                )   Adv. Proc No. _____
                                    )
12                                  )
                                    )   **COMPLAINT TO DETERMINE NON-**
13                                  )   **DISCHARGEABILITY OF DEBT FOR**
                                    )   **KNOWINGLY MISREPRESENT MA-**
14  EDMUND ROBERT SORACCO           )   **TERIAL FACTS WITH THE INTENT**
                                    )   **TO DECEIVE CREDITORS WHO HAVE**
15      *Plaintiff*                 )   **SUSTAINED DAMAGES AS THE AP-**
                                    )   **PROXIMATE RESULT OF THE**
16      *vs.*                       )   **DEFENDANT'S FALSE REPRESENTA-**
                                    )   **TIONS – BANKRUPTCY § 523(a)(2)(A);**
17  BRAVO, Patricia Del Carmen,     )   **§ 523(a)(4); §727(a)(4); 523 &  727 *et seq.***
                                    )
18      *Defendant.*                )
                                    )   DATE:
19                                  )   TIME:
                                    )   PLACE:
20  _____)

21

22

23

24          **Before Honorable: Deborah J. Saltzman**
            **United States Bankruptcy Judge**
                            1
25      **COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND FOR KNOWINGLY**
        **MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**COMES NOW**, Edmund Robert Soracco, in Pro-Se (the "Plaintiff") for his complaint against the Defendant Patricia Del Carmen BRAVO ("Defendant") and alleges as follows:

1. This is a core proceeding over which this Court has jurisdiction under Title 28 U.S.C. § 157(b).

2. The Defendant is a Debtor in this Chapter 7 case, which was filed on July 31, 2024. The Deadline to file a complaint for determination of dischargeability is December 27, 2024, so this complaint is timely filed.

## FIRST CLAIM FOR RELIEF
### FOR NON-DISCHARGEABILITY OF DEBT FOR KNOWINGLY MISREPRESENT MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS WHO HAVE SUSTAINED DAMAGES AS THE APPROXIMATE RESULT OF THE DEFENDANT'S FALSE REPRESENTATIONS

3. Plaintiff realleges and incorporates all allegations in paragraphs 1 through 2 of this complaint as outlined herein.

4. The Plaintiff is a creditor of the defendant by virtue of the following facts:

(a) On **October 14, 2014**, Plaintiff filed a summons and complaint with the Superior Court for the State of California, Los Angeles County, Central District, against Defendant Patricia Del Carmen Bravo regarding the Title of Plaintiff's real estate property.

(b) On or about **September 19, 2018**, The Superior Court of the State of California for the County of Los Angeles entered a judgment on Case Number BC560739 in favor of Plaintiff.

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND FOR KNOWINGLY
MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS**

(c) The Judgement said as follows:

1. "The case concerns a property located at 121 South Hope Street, Unit 506, Los Angeles, California (the "Property").

2. Defendant, the title owner of record of the Property, holds the Property as a resulting trustee for the benefit of Plaintiff.

3. Defendant shall, at the request of Plaintiff, transfer title to the Property to Plaintiff or his nominee, as requested. Plaintiff shall prepare a deed as to how he or his nominees wish to hold title, and Defendant shall sign and deliver the deed to Plaintiff within fifteen (15) days of receipt.

4. Monetary damages against Defendant in the amount of **$119,580.81** (Bank of America May 2018 Lien against the Property minus $3,391.00 in 2017-2018 for insurance and property tax payments made by Defendant).

5. Reductions in Bank of America's lien (or those of a successor) made through payments by Defendant are to be credited against this Judgment.

6. Plaintiff shall recover costs in the amount of **$4,487.41** against Defendant.

IT IS SO AMENDED AND ORDERED

Hon: Gregory Keosian
Judge LASC

(d) Since **September 19, 2018**, and continuing to the present, Defendant has not paid Plaintiff the aforementioned Court Judgment that offsets the HELOC loan and costs as ordered by the Superior Court. Defendant has also failed to pay Bank of America for the $150,000.00 HELOC loan, which she secured by using Plaintiff's Property as collateral. Bank of America placed a lien on Plaintiff's Property based on a transaction in which Plaintiff was never a party.

//

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND FOR KNOWINGLY
MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS

1

## **BRIEF HISTORICAL FACT**

2

3    (e) In 1994, the Plaintiff entered into a lease agreement that included the first

4    option to purchase a condominium located at 121 South Hope Street, Unit 506, Los

5    Angeles, California 90012 (the "Property"). Before the first-year lease concluded in

6    November 1995, Plaintiff opted to exercise the purchase option and began coordinating the

7    purchase with the seller's realtor, Mr. Edward Rostamian of Old Century Realtors.

8    (f) By the middle of 1995, the plaintiff could not obtain a mortgage loan. The

9    realtor, Mr. Rostamian, suggested getting someone to <u>hold the title</u> to the property,

10   understanding that Plaintiff could make the mortgage payments and pay the costs of

11   maintaining the property, such as HOA fees, insurance, maintenance, and taxes.

12   Consequently, Plaintiff approached Defendant, a family member and manager of Plaintiff's

13   office, and explained the situation. Then, Plaintiff and Defendant met with Mr. Rostamian,

14   so he explained the process to Defendant. The broker described the process to Defendant,

15   and shortly thereafter, the broker proceeded to get all the documentation ready while

16   Plaintiff secured the downpayment. In November 1995, the escrow closed. Plaintiff and

17   Defendant agreed that Plaintiff would remove her from the title and loan obligation either

18   when Plaintiff could secure a mortgage or when Plaintiff paid the mortgage in full, to which

19   the parties agreed.

20   (g) Up to this point, it should be known that Defendant **never paid a cent**

21   **towards the property at 121 South Hope Street** but used it for her own benefit in

22   violation of her duties as a resulting trustee.

23

24   //

25
**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND FOR KNOWINGLY
MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS**

Within months of closing escrow in **November 1995**, Defendant had accumulated credit cards and lines of credit amounting to thousands of dollars based on the property. The Plaintiff learned of this fact during the trial at the Superior Court in 2017. As a "resulting trustee" for the property, Defendant evaded to provide Plaintiff with any information regarding the mortgage status from its inception until the 2017 trial. Since the defendant is a family member and was the manager of the plaintiff's business, the plaintiff relied entirely on the defendant's assistance and never imagined that the defendant could commit fraud.

(h) However, **unbeknownst** to Plaintiff, on or about **August 04, 2004**, Defendant pledged Plaintiff's Property as collateral for a **HELOC** loan that the Defendant obtained from Bank of America in the amount of **$150,000.00**, which she borrowed **to purchase** herself a condominium located at **880 West First Street, Unit 404, Los Angeles, California 90012**, for $275,000.00, and subsequently sold it for **$560,000.00 in 2020.**

(i) On or about **August 2013**, Plaintiff paid in full the Bank of America's mortgage loan of the Property and requested Defendant to transfer the property's title to Plaintiff as initially agreed. However, in response to Plaintiff's request to transfer the property's title as initially decided, Defendant hired an attorney who sent a letter informing Plaintiff to move out of the property because Defendant had decided to sell it.

(j) Stunned by Defendant's actions, Plaintiff hired an attorney to file the above-mentioned complaint. Through the proceedings at the Superior Court for the State of California in 2018, Plaintiff learned for the first time about the HELOC loan Defendant had obtained for her benefit.

(k) The above fact --without burdening the Court with multiple examples of the Defendant's malicious actions-- shows a deliberate pattern of deception and misrepresentations with the sole intent of deceiving others.

### THE 1995 AGREEMENT BETWEEN THE PLAINTIFF AND DEFENDANT

(l) The agreement between Plaintiff and Defendant was that Plaintiff would take her out of the mortgage obligation during one of the two following opportunities: (A) When Plaintiff obtained a mortgage or (B) when Plaintiff paid in full the mortgage.

(m) The Superior Court for the State of California, Los Angeles County, held in its judgment on September 19, 2018, that Defendant was holding the title of the Property as a **resulting trustee** for the benefit of Plaintiff. A resulting trustee is a person who has legal title to the property but **is not the beneficial owner**. The term "**resulting trust**" describes a situation in which the property should be returned to the trustor. This happens when the person holding the legal title is not paying for the property.

(n) As such, the Defendant was bound by a set of rules of fiduciary duties, meaning that she had **the legal duty to act in good faith, with integrity and honesty, and in the interests of the trustor.** In simple terms, the Defendant, in this case, was fully aware since the onset of the Escrow closure of **November 06, 1995**, that the property **was not her property** to do as she pleased. **She was holding the property title as a trustee for the benefit of Plaintiff.** See Los Angeles Superior Court Judgment page 3, *supra.*

(o) The agreement between Defendant and Plaintiff (Facts reviewed by the trial court and again by the Second Appellate Court of CA) required Plaintiff to make all payments related to the Property, which Plaintiff did from 1994 through 2013.

6

(p) Plaintiff paid for the mortgage, property taxes, HOA fees, insurance, and maintenance, which Defendant deducted in her tax returns for approximately $189,968.00 benefitting herself every year from November 1995 until November 4, 2020, the date in which the California Appellate Court issued its Remittitur affirming the trial Court's judgment. On December 08, 2020, Defendant finally transferred the property title to Plaintiff.

(q) Nevertheless, by making false representations with the intent to deceive a creditor, Defendant willfully and purposely abused her capacity as a resulting trustee by guaranteeing a loan she obtained for $150,000.00 for personal benefit with the property of another that she knew was not hers to use as collateral for a loan.

(r) In the jurisdiction of the Ninth Circuit, to prove actual fraud, a creditor must establish each of the following elements:

(1) The Defendant made the representations.

(2) That at that time, she knew the representations were false.

(3) That she made them with the intention and purpose of deceiving the creditor.

(4) The creditor relied on such representation, and

(5) The creditor sustained the alleged loss and damages as the proximate result

of the representations. 11 U.S.C. § 523(a)(2)(A).

See *In re Eashi*, 87 F.3d at 1086; *In re Britton*, 950 F.2d 602, 604 (9th Cir. 1991).

## **FALSE REPRESENTATIONS**

(s) Under 11 USC § 523(a)(2)(A), debts obtained by "false pretenses, a false representation, or actual fraud" **are not dischargeable in bankruptcy**. If a Defendant

holding title to a property as a resulting trustee used that property as collateral for a personal loan, this falls under section 523(a)(2)(A). The Defendant acted with fraudulent intent. Needless to say, Defendant's actions speak for themselves.

(t) A resulting trust typically arises when one party holds property for the benefit of another due to unavoidable circumstances, such as purchasing property with someone else's funds. If Defendant used the property, to which they hold the title as a resulting trustee, as collateral **without proper authority** or for **personal benefit**, it may constitute a fraudulent act if Defendant misrepresented or concealed the true nature of her interest in the property.

(u) In this case, Plaintiff asserts that Defendant **lacked the authority** to use the property as collateral for her personal benefit. **Furthermore, the Plaintiff asserts that the loan and subsequent lien by Bank of America were obtained through fraud.** Therefore, allowing the foreclosure on the Plaintiff's property based on a transaction to which the Plaintiff was never a party would be unjust and unthinkable.

(v) Furthermore, Plaintiff asserts that he was not informed about the loan request, grant, or funding by either Defendant or Bank of America, affecting his property rights. Therefore, allowing the foreclosure on Plaintiff's property would be unconscionable, as the property was held in a resulting trust, where Defendant, without authorization and without informing or obtaining his approval, placed the property as collateral for a personal loan. Consequently, Plaintiff asserts that the lien placed on his property by Bank of America **is contestable and violates his due process rights.**

//

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND FOR KNOWINGLY
MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS**

## SECOND CLAIM FOR RELIEF
## OBJECTION TO DISCHARGE

5. Plaintiff realleges and incorporates all allegations in paragraphs 1 through 4 (v) of this complaint as outlined in full herein.

6. This is an adversary proceeding in which Plaintiff is objecting to the discharge of the Defendant. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334; 11 U.S.C. § 523 *et seq.*, and § 727 *et seq.*

7. Under penalty of perjury, Defendant certified that the schedules attached to her bankruptcy petition were true and correct to the best of Defendant's knowledge, information, and belief when Defendant, in truth and fact, well knew that she failed to list in her bankruptcy schedules indebtedness related to Plaintiff, which by intentionally not reporting them in her bankruptcy schedules resulted in **no notification** of this bankruptcy proceedings to Plaintiff. Fortunately, Plaintiff learned about Defendant's bankruptcy proceedings from QLSC, who once again commenced foreclosure proceedings in **May 2024** on Plaintiff's Property due to Defendant's failure to make payments to Bank of America. The conduct of Defendant was willful, intentional, and deliberate and was done to cause significant harm to Plaintiff.

These unreported or hidden items are as follows:

- The Defendant did not include in her schedules the monetary judgment of **$119,580.81** plus interest at the highest legal rate, issued by the Superior Court of California, Los Angeles Stanley Mosk Courthouse, on September 19, 2018.

9

- The Defendant did not include in her schedules the **$4,487.41** judgment to pay legal cost-plus interest at the highest legal rate that the Superior Court of California ordered Defendant to pay to Plaintiff in its judgment associated with the 2018 trial.

- The Defendant failed to list in her schedules the **$20,508.64** paid by Plaintiff on **April 13, 2023**, to Quality Loan Service Corporation (QLSC) to avoid the foreclosure of his property. This was due to the Defendant's failure to make payments to Bank of America on the HELOC loan she obtained on August 4, 2004.

- In 2020, Defendant sold her two-bedroom, two-bathroom condominium located at 880 West 1st Street, Unit 404, Los Angeles, CA 90012, for **$560,000.00**. Defendant purchased and/or acquired this property in August 2004 for **$275,000.00** with the $150,000.00 loan proceeds from a HELOC loan from Bank of America she obtained by placing Plaintiff's property located at 121 South Hope Street, Unit 506, Los Angeles, CA 90012 **as collateral without Plaintiff's knowledge, authorization, or approval.** When Bank of America released the HELOC funds to Defendant in August 2004, it placed a Lien on Plaintiff's property. In 2023, the Bank began foreclosure proceedings, which Plaintiff stopped with a payment of **$20,508.64** to protect his home. In May 2024, Bank of America commenced foreclosure proceedings again, which were halted due to Defendant's bankruptcy filing.

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND FOR KNOWINGLY MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS**

- In 2020, the Defendant **realized a profit** of approximately **$300,000.00** from the sale of her condominium at 880 West 1st Street, Unit 404, Los Angeles, CA 90012, **which proceeds she has not listed in her schedules as savings or investments**. Moreover, Defendant moved to a one-bedroom condominium at 877 Francisco Street, Unit 1703, Los Angeles, CA 90017, which may have been purchased with the proceeds from the sale of Unit 404.

- This property is recorded as owned by **Wu, Xujun**, located at 17890 Castleton Street, Suite 368, City of Industry, CA 91748. This address serves as the office for **RG Realty**. An Internet search conducted by the Plaintiff revealed over 25 real estate brokers http://rgrealty.us/wp/contact-us/ all with Chinese names operating at this location http://rgrealty.us/wp/about-us-rg-realty-corp. However, Wu Xujun is not listed as a broker for that office, and no one knows who Wu Xujun is.

- On page 1 of **Schedule A/B: Property, Part 1**. The question in the Form is: "Do you own or have any legal or equitable interest in any residence, building, land, or similar property? The Defendant responded, **YES**. Where is the Property? Defendant responded: **121 South Hope Street, Unit 506, Los Angeles, CA 901012**. The fact is that Defendant **has neither legal nor beneficial interest** in this property since **December 2020.**

- On Page 2 of **Schedule A/B Property**: The Defendant listed the Property as a Single-family Home when it's a condominium. Question 1.1 Who has an interest in the property? Defendant responded, "At least one of the

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND FOR KNOWINGLY
MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS**

Defendants and another. On the question of " Creditors Who Have Claims Secured by Property." Defendant replied: Specialized Loan Servicing LLC., listing $144.353.00 as debt and indicating on **Form 108, page 1**, **that she will surrender the property. The Defendant knows she has no <u>legal</u> or <u>beneficial</u> <u>interest</u>** in the 121 South Hope Street Property, and therefore, cannot surrender it.

- Page 2 of **Schedule E/F**: Creditors Who Have Unsecured Claims. The Defendant omitted Plaintiff's Money Judgments of **$119,580.81** as well as the amounts of **$20,508.84** and **$4,487.81** mentioned *earlier*.

- **Notifications**: The Defendant's Chapter 7, filed on **July 31, 2024**, Main Document pages 62-63 Mailing list, did not include the name of Plaintiff Edmund Robert Soracco, who believes that this was purposely done to avoid the Court notifying Plaintiff of Defendant's bankruptcy proceedings. This premeditated act is established by the fact that none of Defendant's debts to Plaintiff were listed in her schedules despite fully knowing that the debts still exist and continued to be unpaid.

- On **July 7, 2024,** Plaintiff notified Defendant via email (since Defendant does not respond to emails or phone calls) of QLSC's actions of foreclosing on Plaintiff's Property again in 2024. Plaintiff informed Defendant of the **$20,508.84** (*which Defendant already knew as she must have been notified by QLSC*) he paid to QLSC **in April 2023** to protect his property from foreclosure. The plaintiff demanded that this amount be refunded

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND FOR KNOWINGLY MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS**

immediately and the loan default be addressed forthwith. The defendant was put on notice that QLSC had commenced foreclosure proceedings again in **May 2024** for nonpayment of her HELOC loan in the amount of $13,800.00. Therefore, Plaintiff informed Defendant that he would start new legal proceedings under CA Civil Code § 3439.04. There was no response by the Defendant. However, shortly thereafter, on **July 31, 2024**, Defendant filed her bankruptcy petition **without listing Plaintiff as a creditor**. Consequently, Plaintiff was never notified by the Court of Defendant's bankruptcy. The Defendant's actions speak for themselves. She once again demonstrated the continuation and pattern of deception, misrepresentations, and unjust enrichment.

- **On August 20, 2024**, Defendant filed Amended pages 9 of 10 to the original Mailing list listing the name of Plaintiff for the first time. This was after Plaintiff learned from the foreclosing company QLSC that they were stopped from proceedings with the foreclosure of Plaintiff's Property due to Defendant's bankruptcy filing.

- **Breach of Contract**: Defendant's refusal to transfer the property title in 2013 constitutes a clear breach of contract, which has compelled Plaintiff to incur over $165,000 in legal fees to reclaim the title of his property. Moreover, the Plaintiff now faces the prospect of an additional $150,000 in expenses related to the lien from Bank of America unless this Court intervenes. Despite benefiting from the Home Equity Line of Credit (HELOC), benefiting by

13

hundreds of thousands of dollars in tax deductions, HOA fees, insurance, and other deductible expenses, and the profitable sale of her condominium—purchased in 2004 for $275,000 and sold in 2020 for $550,000, Defendant has yet to take responsibility for her actions.

8. As provided in 28 U.S.C. § 1746, Defendant's certifications had like force and effect as an oath.

9. The discharge of Defendant should be denied under section 727(a)(4).

10. On or about July 31, 2024, at a meeting of creditors, the defendant knowingly and fraudulently made a false oath in this case. Under penalty of perjury, the defendant stated that the schedules on her bankruptcy petition were true and correct. Notwithstanding, Defendant failed to list and/or improperly list the items listed in paragraph 7 above.

11. The Defendant's discharge should be denied under section 727 *et seq.* of the bankruptcy code.

## CONCLUSION

**WHEREFORE**, all the foregoing, Plaintiff respectfully prays as follows:

1. That the Court determines that Plaintiff's monetary **judgment** entered by Los Angeles, CA Superior Court on 09/19/2018, in the amount of **$119,580.81**, plus costs of **$4,487.41** plus accrued interest at the highest legal rate since September 19, 2018, is a non-dischargeable debt under section 523(a)(2)(A); 523(a)(4); 523(a)(7)(B) and 727(a)(4)(A) & (B) of the bankruptcy code, or whatever other judgment the Court finds to be just and appropriate.

2. That the Court determines that Plaintiff's advanced **$20,508.84**, plus accrued

14

interest since April 13, 2023, at the highest legal rate, as payment towards Defendant's HELOC loan to stop Plaintiff's foreclosure due to Defendant's failure to pay Bank of America's HELOC loan obligation is a non-dischargeable debt or whatever other judgment the Court finds to be just and appropriate.

3. That the Court determines that Defendant willfully failed to list in her bankruptcy petition schedules the following indebtedness to Plaintiff: Los Angeles Superior Court monetary judgment of **$119,580.81**, cost of **$4,487.41**, and **$20,508.84** paid by Plaintiff to QLSC plus accrued interest at the highest legal rate or whatever other judgment the Court finds to be just and appropriate.

4. That this Court determines **the validity of the Bank of America's lien** placed on Plaintiff's property as a direct result of Defendant's violations of 11 USC §§ 523(a)(2)(A), 523(a)(2)(B)(i) &(iv), 523(a)(4), 523(a)(13), 544, 727(a)(2) and 727(a)(4)(A), and therefore, that the Court further determines that such a lien **should be removed** because the Bank relied on inaccurate representations, which affects the **enforceability** of the lien on Plaintiff's property. Defendant violated her fiduciary duty to Plaintiff. It would be unjust and unthinkable to allow foreclosure on Plaintiff's property based on a transaction to which Plaintiff was never a party or whatever other judgment the Court finds to be just and proper.

5. That this Court determines that Defendant **unjustly enriched herself** because she lacked the authority to use Plaintiff's property as collateral to guarantee a $150,000.00 HELOC loan for personal gain and from the approximately

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND FOR KNOWINGLY MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS**

**$300,000.00 profit** received from the 2020 sale proceeds of her 880 West 1ˢᵗ Street, Unit 404, Los Angeles, CA 90012 condominium without adequately compensating Plaintiff or addressing the financial obligations made with Plaintiff's property or whatever other judgment the Court finds to be just and appropriate.

6.  The Court determines that the Defendant failed to report or explain the whereabouts of the profits she realized from the sale of her property at 880 West 1ˢᵗ Street, Unit 404, Los Angeles, CA 90012, which was acquired with the HELOC loan she obtained from Bank of America in 2024 by placing Plaintiff's property as collateral.

7.  That this Court enters an order to **subpoena Wu, Xujun** to determine the relationship between the Defendant and Wu, Xujun, and Wu Xujun and RG Realty. To provide documentary evidence of the relationship between Wu, Xujun, and RG Realty and the Defendant.

8.  That this Court grants such other relief as is just and proper within the existing Bankruptcy statutes, which are aligned under trust protection principles and in the interest of justice.

Respectfully submitted,

Dated: 12/27/2024

Edmund Robert Soracco
In Propia-persona
121 S. Hope St. Unit 506
Los Angeles, CA 90011

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND FOR KNOWINGLY MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS**

## PROOF OF SERVICE

I, Karla Garcia, declare that I am over the age of 18 years, and I am not a party to this action. I am familiar with serving documents to parties involved in litigation and processing correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service as indicated below on the same day in the ordinary course of business.

On December 27, 2024, I caused to be served the foregoing document, bearing the name **COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT FOR KNOWINGLY MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS WHO HAVE SUSTAINED DAMAGES AS THE APPROXIMATE RESULT OF THE DEFENDANT'S FALSE DECEPTION – BANKRUPTCY CODES § 523(a)(2)(A); 523(a)(4); 727(a)(4); 727** *et seq* on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope and addressed as follows:

[ **X**] BY MAIL: By placing [ ]original [] a true copy thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of record or parties in propria persona.

[ ] PERSONAL DELIVERY: By placing [ ]original [ ] a true copy thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of record or parties in propria persona. I caused such an envelope to be delivered to the addressee.

[ ] BY FEDERAL EXPRESS/NEXT DAY DELIVERY: By placing [ ]original [ ] a true copy thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of record or parties in propria persona I caused such envelope to be deposited in the Federal Express box in Los Angeles, California which is regularly maintained by Federal Express, with delivery fees pre-paid and provided for, addressed to the person on whom said document is to be served.

[ ] BY MESSENGER/COURIER: By placing [ ]original [ ] a true copy thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of record or parties in propria persona I caused such envelope to be hand delivered by an employee who is a messenger/courier of _____.

[ ] BY FACSIMILE: I caused said document and a signed copy of this Declaration to be transmitted to a facsimile machine telephone number as last given by said counsel or party in propria persona as noted above.

Under penalty of perjury under California law, I declare that the foregoing is true and correct.

**EXECUTED** this 27th day of December 2024 in Los Angeles, California.

*Karla Garcia*
Karla Garcia

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND FOR KNOWINGLY
MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## ATTACHED MAILING LIST OF

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT FOR
KNOWINGLY MISREPRESENTING MATERIAL FACTS WITH THE INTENT
TO DECEIVE CREDITORS WHO HAVE SUSTAINED DAMAGES AS THE
APPROXIMATE RESULT OF THE DEFENDANT'S FALSE REPRESENTATIONS –
BANKRUPTCY CODES § 523(a)(2)(A); 727(a)(4), 523 & 727 *et seq.***

### IN CASE 2:24-bk-16132-DS

---

**Elissa Miller (TR)**
GREENSPOON MARDER, LLP
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (213) 626-2311
Email: elissa.miller@gmlaw.com

**Darren J. Devlin, Esq.**
The Law Offices of Jason C. Tatman, APC
9665 Chesapeake Drive, Suite 365
San Diego, CA 92123
Telephone: (844) 252-6972
bt@nationwidereconveyance.com

**Gregory M. Shanfeld**
WADHWANI & SHANFELD, PLC
15233 Ventura Boulevard, Suite 1000
Sherman Oaks, California 91403
Telephone: (818) 784-0500
Facsimile: (818) 784-0508
Email: greg@wslaw.com

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>EDMUND ROBERT SORACCO | DEFENDANTS<br><br>PATRICIA DEL CARMEN BRAVO |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>**PLAINTIFF IN PRO SE** | ATTORNEYS (If Known)<br>**Gregory M. Shanfeld**<br>WADHWANI & SHANFELD, PLC<br>15233 Ventura Boulevard, Suite 1000<br>Sherman Oaks, California 91403 |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| □ Debtor | □ U.S. Trustee/Bankruptcy Admin | X Debtor | □ U.S. Trustee/Bankruptcy Admin |
| X Creditor | □ Other | □ Creditor | □ Other |
| □ Trustee | | □ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT FOR KNOWINGLY MISREPRESENTING MATERIAL FACTS WITH THE INTENT TO DECEIVE CREDITORS WHO HAVE SUSTAINED DAMAGES AS THE APPROXIMATE RESULT OF THE DEFENDANT'S FALSE DECEPTION – BANKRUPTCY CODES §§ 523(a)(2)(A); 523(a)(4); 727(a)(4); 523 & 727 *et seq***

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

1) 521.
2) 523(a)(2)(A).
3) 523(a)(2)(B).
4) 523(a)(6).
5) 548.
6) 727.
7) 727(a)(2).
8) 727(a)(4).
9) 727(a)(5).

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

☐ 21-Validity, priority or extent of lien or other interest in property

**7001(2) – Validity, Priority or Extent of Lien**

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐☒ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 01-Determination of removed claim or cause

☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☒ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other FRBP

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud    Other

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 216,865.99 + ($144,577.46 Principal + 10% Interest for 5 years $72,288.53) |

Other Relief Sought
That the Court determines that the Lien placed by Bank of America on Plaintiff's real estate property be removed pursuant to law.
11 USC §§ 523 and 544

B1040 (FORM 1040) (12/15)

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| **PATRICIA DEL CARMEN BRAVO** | **2:24-bk-16132-DS** |

| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE **Honorable:** **DEBORAH J. SALTZMAN** |
|---|---|---|
| **CALIFORNIA CENTRAL DISTRICT** | | |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE: 12/27/2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Edmund Robert Soracco |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.